## COUNTY COURT — KINGS COUNTY.
### April, 1919.

## THE PEOPLE v. HERMAN SEIDLER.

(107 Misc. Rep. 67.)

APPEAL—CRIMINAL LAW—JUDGMENT OF CONVICTION AND PRISON SENTENCE
IN A MAGISTRATE'S COURT AFFIRMED—AUTOMOBILES[*]—VIOLATION OF SPEED
LIMIT.

Where a physician, a man of superior intelligence, who after having
been convicted five times of operating his automobile at an illegal rate
of speed and fined in varying and increasing amounts, on his plea of
guilty of having again violated the speed limit, offered one excuse for
his act and on appeal from a judgment of conviction imposing a ten
days' sentence in the county jail submits a different excuse, the judgment
of conviction in the circumstances will be affirmed.

APPEAL from a judgment of conviction in a magistrate's
court.

*Emil H. Reichman,* for appellant.

*Harry E. Lewis, District Attorney (Harry G. Anderson,
Assistant District Attorney,* of counsel), for respondent.

MAY, J.:

The defendant having knowingly and voluntarily admitted his
guilt herein that he was operating his automobile at a rate of
speed much in excess of the limit permitted by law, and having
plead guilty to the complaint thereon, there is and can be no
question of fact or of law that should be considered on this
appeal from the determination of the committing magistrate.
Nor does the defendant do other herein than to base his appeal

---

* See note, Vol. 34, p. 32.

for a modification and reduction of the sentence imposed upon him on the plea of such circumstances in mitigation as to warrant a substitution of the appellate court's idea of sentence in the place of that given by the magistrate. Were this the first violation of the " Speed " law committed by this defendant, an entirely different situation would present itself on this appeal just as it unquestionably would have to the magistrate. But this defendant was on five prior occasions arrested for similar violations in various parts of our city and by different officers, so that no claim of persecution or of improper prosecution can be successfully urged. This defendant is a practicing physician, who, in the hearing before the magistrate, offered one excuse in extenuation of his act and now submits a different one. A physician has no rights upon our highways superior to that of any other motorist. The law is no respecter of persons, and all must bow in obedience to it, and he who violates one does so at his peril. We can, however, readily understand that emergencies may occasionally confront a physician who may be called in a " life or death " case, where his haste to give relief can be partially excused or entirely overlooked. Such excuse being ever present in the mind of a physician may readily be used as a subterfuge to defeat the ends of justice. In this respect, reliance on the value of such form of defense must be placed upon the magistrate hearing the evidence, who is in a position to properly gauge its dependability. On the hearing, the statements made by the defendant but vainly suggested extenuating circumstances, and the court properly disregarded them. After the consequences of his act were forcibly impressed upon him by his sentence, it was an easy matter for the defendant to resort to the means which are easily available to a physician, but such carefully considered claims now offered can have but little weight on this appeal. On his five previous convictions, fines of varying and increasing amounts alone were imposed, which apparently were readily and easily paid by this defendant, and

it is now only after a prison term was imposed that this defendant for the first time, as it appears, realizes the seriousness of his offense against the law. Therein lies the danger to the public. The impression may not go abroad that a violation of the automobile laws and ordinances is a minor offense and one where the offender may without difficulty buy his peace. Our magistrates, in the main, have enforced the law sanely and reasonably, giving to first offenders every consideration, and only laying the harsh hand of the law on offenders who appear to be indifferent and callous to the rights of those who are properly on the highways. It is time there should be a halt, and such time is now ripe for a lesson that will be salutary in its effect, and serve as a notice and a warning to all speedsters and reckless motorists. A review of the large amount of serious casualties caused by the automobile presents a frightful picture of death, injury and damage. In Brooklyn, alone, two people, at an average weekly, meet their death through the automobile. Unquestionably many of these accidents are unavoidable, many of them the result of inexperience, but a large percentage are caused by recklessness and an innate desire to feel the exhilaration and excitement of moving fast and of testing skill under conditions which involve danger to a greater or lesser degree. It may be argued that this defendant is an expert driver, one who has never met with an accident, that he is not a criminal in the ordinary acceptance of the term, that he is a man of good reputation, whose reputation and standing in the community may be seriously impaired by a term of imprisonment. But it cannot be denied that this defendant, a man of superior intelligence and of standing, appreciates his many advantages as much as he must be aware of his many responsibilities. There has been nothing offered on this appeal which would tend to excuse this defendant, nor can any exception be taken to the position taken by the magistrate. He has seen fit after hearing the defendant, and after serious reflection, to sentence this defend-

ant to a term of ten days in the county jail.  However any court may sympathize with the defendant in his present plight, stern justice demands that the judgment herein be enforced. Judgment of sentence and conviction affirmed.

Judgment affirmed.